IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JONATHAN HENRY,

       Plaintiff,

vs.                                          Case No. 4:14cv511-RH/CAS

LORILLARD TOBACCO CORP.,

       Defendant.

_____/


## REPORT AND RECOMMENDATION

Defendant filed a motion to dismiss the Plaintiff's complaint, doc. 1, on December 30, 2014.  Doc. 9.  Plaintiff, a pro se prisoner, was directed to file his response in opposition to the motion to dismiss, and advised that "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion."  N.D. Fla. Loc. R. 7.1(C)(1).  Doc. 11.  Thereafter, Plaintiff was granted an extension of time in which to file his opposition.  Docs. 12-13.  The March 30, 2015, deadline has passed and as of this date, Plaintiff has not filed a response to the motion.  Accordingly, it is recommended that Defendant's unopposed motion to dismiss be granted for the reasons explained below.

**Plaintiff's Complaint, doc. 1**

Plaintiff alleges that he started smoking "around the age of (14) fourteen years old." Doc. 1 at 3.[1]  Plaintiff was raised in a household in which "his father smoked cigarettes regularly on a daily basis, therefore, [Plaintiff] was exposed to cigarettes all the time."  *Id.*  Plaintiff admits that he saw the "warning" labels in advertising but did not understand who the surgeon general was, and did not believe smoking cigarettes "was a danger of any kind because it was legally sold and people [were] still smoking on a regular basis."  *Id.*  Plaintiff says he was "lured, enticed and persuaded to smoke cigarettes at any early age by the misleading advertisements . . . with the intended purpose of luring all including children at an early age to smoke, and later become addicted to smoking by it's chemicals in this product."  *Id.*  Plaintiff claims that as he grew older and could better interpret the cigarette warning labels, the labels were insufficient to inform him of "the type of illnesses or diseases you may encounter and the long-term effect of the disease . . . ."  *Id.* at 4.  Plaintiff contends he "was deceived and or taken advantage of" by Defendant about the dangers or smoking and contends the brief one sentence label did not inform him of the illnesses he could fact from smoking.  *Id.*  Plaintiff reports that he has been diagnosed with hypertension, bronchitis, and chronic obstructive pulmonary disease (COPD) after having smoked Newport cigarettes "for years."  *Id.* at 4, 6-7.

---

[1] Plaintiff's complaint is filed as document 1 on the Court's Electronic Case Filing system [ECF].  Plaintiff numbered the page of his "Complaint Brief" in the bottom right corner, beginning with page number 2.  The citations listed in this Report and Recommendation are to the page number on ECF which, for Plaintiff's benefit, is one number before the page provided by Plaintiff in light of the fact that his complaint begins on page 2.

Plaintiff further claims that he was unaware "of the addictiveness of and the deadline chemicals in cigarettes . . . ."  *Id.* at 5.  Plaintiff acknowledges that since he began smoking in 1974, he has craved more and more cigarettes.  *Id.*  He reports that over the past 25 years, he has smoked "at least (10) cigarettes per day" since 1982 growing to as many as 20 cigarettes a day.  *Id.*  Plaintiff alleges that he has been unable to quit smoking despite numerous efforts.  *Id.* at 5-6.  Plaintiff says he only stopped smoking in 2012 when cigarettes were removed from the prison canteen and the rules made cigarettes "contraband" if found in an inmate's possession.  *Id.* at 6.  Plaintiff contends he suffers from several serious medical problems, including C.O.P.D., acute bronchitis, and hypertension.  *Id.* at 6-7.

Plaintiff alleges that Defendant Lorillard Tobacco Corporation manufactured Newport brand cigarettes.  *Id.* at 8.  He contends Defendant owed a duty to himself and the "general public to exercise reasonable care in manufacturing Newport brand cigarettes."  *Id.*  Plaintiff alleges that Defendant breach that duty and caused him bodily injury and mental anguish.  *Id.* at 9.  Plaintiff seeks damages of six million dollars, *id.* at 1, and other relief as deemed appropriate.  *Id.* at 11.

**Defendant's motion to dismiss, doc. 9.**

Defendant contends this action "is a direct attack on the adequacy of the federally-mandated cigarette warnings – a claim that is expressly preempted under the Supremacy Clause of the United States Constitution."  Doc. 9 at 2.  Defendant cites to Cipollone v. Liggett Group, Inc., 505 U.S. 504 (1992), in support of the argument that "the Federal Cigarette Labeling and Advertising Act (the 'Labeling Act') expressly preempts claims that are based on allegations that a cigarette manufacturer's 'post-

1969 advertising or promotions should have included additional, or more clearly stated, warnings.'" <u>Cipollone</u>, 505 U.S. at 524 (quoted in doc. 9 at 2).  "Claims that a manufacturer gave a 'false impression' of safety or reduced the impact of the Labeling Act's warnings after July 1, 1969 are likewise preempted." *Id.* (citing 505 U.S. at 527).  In addition, Defendant asserts that Florida's four year statute of limitations bars Plaintiff's claims.  *Id.* at 1, 9-11.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955).[2]  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." <u>Twombly</u>, 127 S.Ct. at 1965, (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

standards than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967

(11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30

L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the

claim and the grounds upon which it rests so that a "largely groundless claim" does not

proceed through discovery and "take up the time of a number of other people . . . ."

<u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577

(2005) (quoted in <u>Twombly</u>, 550 U.S. at 558).  A complaint does not need detailed

factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 556 U.S. at 678,

129 S.Ct. at 1949.

**Analysis**

Defendant contends that the "gravamen of Plaintiff's complaint is that Lorillard

was negligent because it allegedly failed to adequately warn Plaintiff . . . of the health

risks associated with cigarette smoking."  Doc. 9 at 5.  Defendant asserts that Plaintiff's

claim "is expressly preempted by the Federal Cigarette Labeling and Advertising Act,

15 U.S.C. §§ 1331, *et seq.*, as amended by the Public Health Cigarette Smoking Act of

1969."  *Id.*

Defendant points out that "[s]ince 1966 – eight years before Plaintiff Jonathan

Henry allegedly began smoking – every package of cigarettes sold in the United States

has carried a Congressionally-mandated warning regarding the health risks of smoking."

Doc. 9 at 1.  "Congress not only prescribed the specific text of these warnings, but as of

July 1, 1969, has expressly prohibited states from requiring alternate or additional

warnings."  *Id.* at 1-2. "Beginning in 1972, the Federal Trade Commission required that

these federally-mandated warnings appear on all print advertisements for cigarettes."

*Id.* at 2.  Every package of cigarettes Plaintiff has ever purchased, and all print

advertisements for cigarettes since 1969 contain the following warning (or a variation

thereof): "WARNING: THE SURGEON GENERAL HAS DETERMINED THAT

CIGARETTE SMOKING IS DANGEROUS TO YOUR HEALTH."  Cipollone v. Liggett

Grp., Inc., 505 U.S. 504, 508, 112 S. Ct. 2608, 2613, 120 L. Ed. 2d 407 (1992) (holding

that claims which are based on a "failure-to-warn theory" or that "post-1969 advertising

or promotions should have included additional, or more clearly stated, warnings," are

preempted).  Plaintiff's complaint alleges that Defendant's advertisements lured him into

smoking and the warning labels were insufficient to warn him of the danger of smoking.

Doc. 1 at 3.  Such a claim is preempted by the Labeling Act, 15 U.S.C. § 1334(b).[3]

"Congress enacted the Labeling Act in 1965 in response to the Surgeon

General's determination that cigarette smoking is harmful to health."  Altria Grp., Inc. v.

Good, 555 U.S. 70, 77, 129 S. Ct. 538, 543, 172 L. Ed. 2d 398 (2008).  The Act required

cigarettes sold in the United States to "contain a conspicuous warning, and it pre-

empted state-law positive enactments that added to the federally prescribed warning."

---

[3] That provision directs: "Except to the extent the Secretary requires additional or
different statements on any cigarette package by a regulation, by an order, by a
standard, by an authorization to market a product, or by a condition of marketing a
product, pursuant to the Family Smoking Prevention and Tobacco Control Act (and the
amendments made by that Act), or as required under section 387c(a)(2) of Title 21 or
section 387t(a) of Title 21, no statement relating to smoking and health, other than the
statement required by section 1333 of this title, shall be required on any cigarette
package."  15 U.S.C.A. § 1334(a).  In addition, a State "may enact statutes and
promulgate regulations, based on smoking and health, that take effect after the effective
date of the Family Smoking Prevention and Tobacco Control Act, imposing specific
bans or restrictions on the time, place, and manner, but not content, of the advertising
or promotion of any cigarettes."  15 U.S.C.A. § 1334 (c).

Altria Grp., 555 U.S. at 77, 129 S. Ct. at 543.  The Act was amended by the Public

Health Cigarette Smoking Act of 1969 and strengthened the language of the prescribed

warning.  *Id.* at 77, 129 S. Ct. at 543.  The stated purposes of the Act are to adequately

inform the public "that cigarette smoking may be hazardous to health by inclusion of a

warning to that effect on each package of cigarettes" and to protect "commerce and the

national economy."  *Id.* at 78, 129 S. Ct. at 544.  "The requirement that cigarette

manufacturers include in their packaging and advertising the precise warnings

mandated by Congress furthers the Act's first purpose.  And the Act's pre-emption

provisions promote its second purpose."  *Id.*  Because Plaintiff's complaint is premised

on a theory that the warning labels were not sufficient, his claim is preempted by the

Labeling Act.  The unopposed motion to dismiss, doc. 9, should be granted as to this

claim.

**Negligence**

Construing Plaintiff's pro se complaint liberally, one additional claim[4] is also

evident from the complaint, doc. 1.  Plaintiff also asserts a claim based on negligence in

the manufacturing of cigarettes pursuant to Florida statute 768.  Doc. 1 at 8.  Defendant

contends that this claim is barred by the statute of limitations.  Doc. 9 at 9-11.

Defendant notes that the "four-year statute of limitations applicable to products

liability actions begins 'running from the date that the facts giving rise to the cause of

action were discovered, or should have been discovered with the exercise of due

---

[4] The Court reiterated that "the [preemption] provision does not preclude all
common-law claims that have some relationship to smoking and health."  Altria Grp.,
555 U.S. at 80, 129 S. Ct. at 545 (concluding as it did in Sipollone that a common law
fraud claim is not preempted) (citing Cipollone, 505 U.S. at 521–523, 112 S.Ct. at 2620-
21)).

diligence.' " Doc. 9 at 10 (quoting FLA. STAT. § 95.031(b)).  "The Florida Supreme Court

has explained that in a smoking-and-health case, the critical date for the statute of

limitations analysis is 'when the accumulated effects of the deleterious substance

manifest themselves [to the plaintiff], in a way which supplies some evidence of [a]

causal relationship to the manufactured product.' " Carter v. Brown & Williamson

Tobacco Co., 778 So. 2d 932, 937 (Fla. 2000) (internal quotation marks omitted)

(quoted in doc. 9 at 10).  Here, Plaintiff alleged that he was diagnosed with bronchitis

between 1978 and 1990, and diagnosed in March 2008 with COPD.  Doc. 1 at 6.

Plaintiff also said he was diagnosed with hypertension caused from smoking, although

he did not provide a date for that diagnosis.  In light of the unopposed nature of the

motion to dismiss, it is accepted that Plaintiff was aware of the effects of smoking on his

health in 2008.  Because that date is more than four years prior to the filing of this case,

Plaintiff's negligence claim concerning the manufacturing of cigarettes by Defendant is

barred by the statute of limitations.  The motion to dismiss the negligence claim should

also be granted.

    As an additional basis for dismissal, Defendant argues that "Plaintiff's negligent

manufacture claim . . . is impliedly preempted by federal law."  Doc. 9 at 13.  The

essence of this claim appears to be that "all cigarettes are defective due to the inherent

health risks associated with smoking cigarettes."  Id. (interpreting complaint).  Under the

doctrine of conflict preemption, such a claim is barred.  Doc. 9 at 14-15.

    "[E]ven if Congress has neither expressly preempted state law nor occupied the
field, state law is preempted when it actually conflicts with federal law."  Cliff v.
Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004).  Conflict
preemption arises in two circumstances: (1) "when it is impossible to comply with

both federal and state law," and (2) "when state law stands as an obstacle to achieving the objectives of the federal law."

Cliff, 363 F.3d at 1122 (quoted in Gault v. Brown & Williamson Tobacco Corp., No. 1:02-CV-1849-RLV, 2005 WL 6523483, at *5 (N.D. Ga. Mar. 31, 2005) (holding that the state law claims which alleged that defendant acted negligently in designing and manufacturing "cigarettes which it knew contained dangerous substances likely to cause injury and death and which had addictive and habit-forming characteristics" was preempted)).  When state and federal law are in conflict, "the Supremacy Clause commands that federal law 'shall be the supreme Law of the Land" and any "state laws that 'interfere with, or are contrary to,' federal law cannot hold sway—they 'must yield.' " Graham v. R.J. Reynolds Tobacco Co., 782 F.3d 1261, 1274 (11th Cir. 2015) (quoting U.S. Const. art. VI and Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211, 6 L.Ed. 23 (1824)).

Despite the fact that Congress possesses constitutional authority to prohibit the sale of cigarettes in the United States, "[i]t has never done so."  Graham, 782 F.3d at 1276 (citing U.S. Const., art. I, § 8, cl. 3).

> [T]he Labeling Act is instructive because it encapsulates the competing interests Congress has sought to reconcile when regulating cigarettes. On the one hand, Congress has recognized that smoking can cause serious physical harm, even death. On the other hand, Congress has also acknowledged the important role tobacco production and manufacturing plays in the national economy. Congress has carefully calibrated these policy considerations by promoting full disclosure to consumers about the attendant risks tobacco products carry, thereby permitting free but informed choice.

782 F.3d at 1277.  Legislation has been passed to strengthen warning labels, provide "consumers with more complete and accurate information" about smoking, regulate sales, and prohibit sales to minors.  Id. at 1277-78.  "All this, but no ban on the sale of

cigarettes to adult consumers."  *Id.* at 1278.  The clear intent of Congress is that despite

known and widely acknowledged dangers of smoking, "cigarettes and smokeless

tobacco will continue to be sold in the United States."  *Id.* (quoting FDA v. Brown &

Williamson Tobacco Corp., 529 U.S. 120, 139, 120 S.Ct. 1291, 1304, 146 L.Ed.2d 121

(2000)).

        Permitting a negligence claim to proceed based on the assertion that cigarette

manufacturers breach their duty every time they place a cigarette in the stream of

commerce is "inconsistent with the full purposes and objectives of Congress, which has

sought for over fifty years to safeguard consumers' right to choose whether to smoke or

not to smoke."  Graham, 782 F.3d at 1280.  Put another way, Plaintiff's claim rests on

an alleged underlying duty to manufacture a cigarette that is not inherently defective,

and that duty is breached every time cigarettes are sold.  Because such a duty would

operate as a ban on cigarettes, "it conflicts with Congress's clear purpose and objective

of regulating—not banning—cigarettes, thereby leaving to adult consumers the choice

whether to smoke cigarettes or to abstain."  *Id.* at 1282; *see also* Gault, 2005 WL

6523483, at *7 (concluding that "[t]he problem with this proposed duty is that it would

subject the defendant to tort liability via negligence each time a cigarette was sold on

the market and force the defendant to make one of two decisions; the first being to

continue selling cigarettes and expose itself to tort liability each time a cigarette is sold;

the second being to immediately cease manufacturing cigarettes in order to avoid this

liability.").  Accordingly, Plaintiff's negligence claim is barred by the doctrine of conflict

preemption and the motion to dismiss, doc. 9, should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 9, be **GRANTED**, and Plaintiff's complaint, doc. 1, be **DISMISSED** because all claims are preempted and barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**