# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JONATHAN HENRY,

    Plaintiff,

v.                                     CASE NO. 4:14cv511-RH/CAS

LORILLARD TOBACCO CORP.,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff Jonathan Henry, a prisoner in the Florida Department of Corrections, asserts he suffers diseases caused by smoking cigarettes manufactured by the defendant Lorillard Tobacco Corporation. Lorillard has moved to dismiss on several grounds. Mr. Henry has not responded to the motion to dismiss as required by both the local rules and the magistrate judge's explicit order directing him to respond. The deadline for responding has long passed.

The case is before the court on the magistrate judge's report and recommendation, ECF No. 14, which concludes that the case should be dismissed. No objections have been filed.

One ground invoked by Lorillard for dismissal is the statute of limitations. The complaint seems to allege that by 2008, Mr. Henry had been diagnosed with chronic obstructive pulmonary disease and had been told by a physician to quit smoking. He alleges he did not take seriously his physician's advice because she smoked, but a physician's explicit diagnosis of a smoking-related disease is almost surely enough to trigger the statute of limitations. *See, e.g.*, *Carter v. Brown & Williamson Tobacco Co.*, 778 So. 2d 932, 937 (Fla. 2000).

It is likely that Mr. Henry filed this case after the statute of limitations expired. And he plainly filed it after the one-year deadline for claims preserved by the class action in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1277 (Fla. 2006). It thus is likely that this case would properly be dismissed even if Mr. Henry had responded to the motion to dismiss.

These issues need not be definitively resolved, however, because there is a more immediate basis for dismissal. Mr. Henry has failed to respond to the motion to dismiss, has failed to comply with the court order to respond, and may have abandoned the litigation. A court has inherent authority to dismiss an action for failing to comply with a court order. That is the appropriate result here. If Mr. Henry has not deliberately abandoned the litigation and asserts dismissal without prejudice is too severe a sanction for his failure to comply with the court's order,

he may move to alter or amend the judgment that will be entered based on this order.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted in part. The clerk must enter judgment stating, "The complaint is dismissed without prejudice for failure to comply with a court order." The clerk must close the file.

SO ORDERED on September 12, 2015.

                                        s/Robert L. Hinkle
                                        United States District Judge